PERRY, J.,
concurring.
I fully concur with the majority’s decision in this case. And, I write separately to emphasize my agreement with Justice Pariente’s previously expressed observations in In re Senate Joint Resolution of Legislative Apportionment 2-B (Apportionment II), 89 So.3d 872 (Fla.2012) (Pariente, J., concurring). It bears repeating that our constitution requires that politics be removed from the reapportionment process. Art. III, §§ 20(a), 21(a), Fla. Const.; see also In re Senate Joint Resolution of Legislative Apportionment 1176, 83 So.3d 597, 598 (Fla.2012). However, the reality is that there can never be an apolitical result from an inherently political process. As Justice Pariente so aptly stated in Apportionment II:
The voters have spoken that neutrality, and not partisan politics, must be the polestar of legislative apportionment.
... In other words, the Fair Districts Amendment changed the standards governing the manner in which the Legislature accomplishes that task, adding an express prohibition against partisan and incumbent favoritism to eliminate the partisan nature of the apportionment process.
... [Cjhanges must be made to the process to ensure that the purpose of the amendment — to take politics out of the apportionment equation — can be fully realized.... [I]t would be wise at this juncture to seriously examine the adoption of an independent apportionment commission to oversee this inherently political task....
The creation of an independent commission as a means to reform the process is not a novel concept. Other states have established independent re *156 districting commissions to redraw legislative districts. See, e.g., Ariz. Const. art. IV, pt. 2, § 1(3) (added by initiative measure in 2000); Cal. Const. art. XXI, § 2 (added by initiative measure in 2008); Idaho Const. art. III, § 2(2) (created in 1994); Wash. Const. art. II, § 43 (added by constitutional amendment in 1982). In fact, even in Florida, numerous proposals have been advanced, but never adopted, for the creation of such a commission over the years.
... the time has come for this state to reevaluate the value of an independent apportionment commission.
Id. at 892-95.[15]
Indeed, the time has come for this idea to be given due consideration. I believe that the citizens of Florida would be well-served by an independent redistricting commission established for purposes of redrawing legislative districts. Such a commission would help ensure that the constitutional requirement of an apolitical reapportionment process is realized. Furthermore, an independent commission would limit the number of cases in which parties litigate reapportionment decisions that are perceived to be motivated by self-serving partisanship.
QUINCE, J., concurs.

. In addition to Arizona, California, and Idaho, Alaska, Arkansas, Colorado, Hawaii, Missouri, New Jersey, Ohio, Pennsylvania, and Washington give an independent body primary responsibility for drawing legislative districts. See Alaska Const. Art. VI, § 3 (amended 1988); Ark. Const. Art. VIII, §§ 1-6; Colo. Const. Art. V, § 48; Haw. Const. Art. IV § 2; Mo. Const. Art. III, § 2; N.J. Const. Art. II § 2; Ohio Const. Art. XI, § 11.01; Pa. Const. Art. II, § 17; Wash. Const. Art. II, § 43.